E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
DAVID C. LACHMAN (Cal. Bar No. 261711)
NISHA CHANDRAN (Cal. Bar No. 325345)
Assistant United States Attorneys
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5564/2429
     Facsimile: (213) 894-0141
     E-mail:    david.lachman@usdoj.gov
                nisha.chandran@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-205-JFW-1 |
|---|---|
| Plaintiff, | JOINT STATEMENT RE DEFENDANT NATALIE LE DEMOLA'S RULE 11 PLEA |
| v. | |
| NATALIE LE DEMOLA et al., | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys David C. Lachman and Nisha Chandran, and defendant Natale Le Demola, both individually and by and through her counsel of record, Deputy Federal Public Defender Jimmy Threatt, hereby file their joint statement regarding defendant's Rule 11 plea.

## GUILTY PLEAS

1. Defendant is pleading guilty to counts one, three, four, seven, and thirty-three of the indictment in United States v. Natalie

Le Demola et al, No. CR 22-205-JFW-1, which charges Ms. Demola with conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. § 1349 (count one), bank fraud in violation of 18 U.S.C. § 1344(2) (counts three, four, and seven), and aggravated identity theft in violation of 18 U.S.C. § 1028A.

## NATURE OF THE OFFENSES

2.   For defendant to be guilty of the crime charged in count one, that is, conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. § 1349, the following must be true: (1) beginning on a date unknown, but no later than in or around June 2020, and continuing through at least until in or about April 2021, there was an agreement between two or more persons to commit wire fraud, in violation of 18 U.S.C. § 1343, or bank fraud, in violation of 18 U.S.C. § 1344(2); and (2) defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

3.   For defendant to be guilty of the crimes charged in counts three, four, and seven of the indictment, that is, bank fraud in violation of 18 U.S.C. § 1344(2), the following must be true:  (1) defendant knowingly carried out a scheme or plan to obtain money or property from Bank of America, NA ("Bank of America"), Wells Fargo Bank, NA ("Wells Fargo"), and JPMorgan Chase Bank, NA ("Chase") by making false statements or promises; (2) defendant knew that the statements or promises were false; (3) the statements or promises were material, that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property; (4) defendant acted with the intent to defraud;

and (5) Bank of America, Wells Fargo, and Chase were federally insured.

4. For defendant to be guilty of the crime charged in count thirty-three, that is, aggravated identity theft, in violation of 18 U.S.C. § 1028A(1), the following must be true: (1) defendant knowingly transferred, possessed, or used without legal authority a means of identification of another person; (2) defendant knew that the means of identification belonged to a real person; and (3) the defendant did so during and in relation to the offense of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1343, and bank fraud, in violation of 18 U.S.C. § 1349, as charges in count one of the indictment. A "means of identification" includes, among other things, any name, social security number, date of birth, or government issued driver's license or identification number.

## PENALTIES AND RESTITUTION

5. The statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1349 is: 30 years' imprisonment; a five-year period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. The statutory maximum sentence that the Court can impose for each violation of 18 U.S.C. § 1344(2) is: 30 years' imprisonment; a five-year period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. The statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1028A(1) is two years' imprisonment; a one-year period of supervised release; a fine of $250,000 or twice

the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.  The total maximum sentence for all offenses to which defendant is pleading guilty is: 122 years' imprisonment; a five-year period of supervised release; a fine of $4,250,000, or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $500.

9.  The statutory mandatory minimum sentence that the Court must impose for a violation of 18 U.S.C. § 1028A(1) is a two-year term of imprisonment, which must run consecutive to any other sentence of imprisonment, and a mandatory special assessment of $100.

10. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  If defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11. By pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.  Defendant is pleading guilty to a felony and it is a federal crime for a convicted felon to possess a firearm or ammunition.  The convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.

1  Defendant understands that unanticipated collateral consequences will
2  not serve as grounds to withdraw defendant's guilty plea.
3      12.  If defendant is not a United States citizen, the
4  convictions in this case makes it practically inevitable and a
5  virtual certainty that defendant will be removed or deported from the
6  United States.  Defendant may also be denied United States
7  citizenship and admission to the United States in the future.  The
8  Court cannot, and defendant's attorney may not be able to, advise
9  defendant fully regarding the immigration consequences of her
10 convictions.  Defendant understands that unanticipated immigration
11 consequences will not serve as ground to withdraw defendant's guilty
12 plea.

## FACTUAL BASIS

13      13.  Beginning on a date unknown, but no later than in or around
14 June 2020, and continuing through at least until in or about April
15 2021, in Los Angeles and San Bernardino Counties, within the Central
16 District of California, and elsewhere, defendant conspired with
17 codefendant CARLEISHA PLUMMER ("PLUMMER") and others known and
18 unknown, to commit wire fraud, in violation of 18 U.S.C. § 1343, and
19 bank fraud, in violation of 18 U.S.C. § 1344(2).  Defendant
20 participated in the conspiracy from at least June 2020 until at least
21 September 2020.
22      In furtherance of this scheme, and to accomplish its objectives,
23 defendant used personal identifying information ("PII") belonging to
24 other people to fraudulently acquire unemployment insurance benefits
25 from the California Employment Development Department ("EDD"),
26 including Pandemic Unemployment Assistance benefits for residents of
27 California who were unemployed because of the Covid-19 pandemic

5

("pandemic benefits"). Specifically, defendant and her co-conspirators would obtain the PII, such as the names, dates of birth, and social security numbers, of other individuals who were ineligible for unemployment insurance benefits, including pandemic benefits. Many of the PII pertained to individuals who were incarcerated at California Department of Corrections and Rehabilitation ("CDCR") institutions. Defendant and her coconspirators then electronically submitted fraudulent online applications to EDD for pandemic benefits using these individuals' PII. On the fraudulent applications, defendant and her coconspirators often assumed the victims' identities and provided materially false information to EDD, including that the applicants were unemployed as a direct result of the Covid-19 pandemic.

For example, defendant obtained the PII of CDCR inmates D.F. and M.D.S. and then submitted applications to EDD using their PII. D.F. did not authorize defendant to apply for pandemic benefits using her PII while M.D.S. incorrectly believed that defendant would provide him a portion of any pandemic benefits obtained using his PII. Defendant also submitted an application to EDD in her own name despite knowing that she was ineligible for pandemic benefits because she was incarcerated. By submitting the fraudulent EDD applications, defendant and her co-conspirators caused EDD to transmit emails to email addresses they provided, and to authorize pandemic benefits to be provided to individuals who were ineligible for pandemic benefits.

After EDD approved the fraudulent applications and disbursed the pandemic benefits funds to the EDD debit accounts, and Bank of America issued the EDD debit cards linked to those accounts, defendant's coconspirators used the EDD debit cards to make

fraudulent cash withdrawals of pandemic benefits from automated teller machines ("ATMs") in Los Angeles County and elsewhere, including at ATMs operated by Bank of America and other financial institutions.

For example, on July 10, 2020, defendant and her co-schemers, each aiding and abetting one another, caused the withdrawal of $1,000 using an EDD debit card issued in the name of M.D.S at a Bank of America ATM in Wilmington, California.  The next day, July 11, 2020, defendant and her co-schemers, each aiding and abetting one another, likewise caused the withdrawal of $1,000 using an EDD debit card issued in the name of D.F. at a Bank of America ATM in Wilmington, California.  Four days later, on July 15, 2020, defendant and her co-schemers, each aiding and abetting one another, caused the withdrawal of another $1,000 using an EDD debit card in the name of D.F. at a Bank of America ATM in Wilmington, California.  Each of these withdrawals occurred at an ATM operated by Bank of America and drew on funds held in Bank of America debit accounts.  Defendant and her co-schemers knew that they were not entitled to these cash withdrawals.  Bank of America is a federally insured financial institution.

Additionally, beginning on or about June 23, 2020, and continuing until on or about July 18, 2020, in Los Angeles and San Bernardino Counties, within the Central District of California, and elsewhere, defendant knowingly transferred, possessed, and used, without lawful authority, means of identification that defendant knew belonged to other real persons, namely, the names and EDD account numbers of M.D.S. and D.F. during and in relation to the conspiracy

to commit wire fraud and bank fraud in violation of 18 U.S.C. § 1349, as charged in count one of the indictment.

## SENTENCING FACTORS

14. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

15. Defendant and the United States Attorney's Office for the Central District of California have made no agreement as to the applicable Sentencing Guidelines factors or defendant's criminal history category.

## WAIVER OF CONSTITUTIONAL RIGHTS

16. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be

1 represented by counsel -- and if necessary have the Court appoint
2 counsel -- at every other stage of the proceeding.
3          d.   The right to be presumed innocent and to have the
4 burden of proof placed on the government to prove defendant guilty
5 beyond a reasonable doubt.
6          e.   The right to confront and cross-examine witnesses
7 against defendant.
8          f.   The right to testify and to present evidence in
9 opposition to the charges, including the right to compel the
10 attendance of witnesses to testify.
11         g.   The right not to be compelled to testify, and, if
12 defendant chose not to testify or present evidence, to have that
13 choice not be used against defendant.
14 //
15 //

h.  Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

Dated: March 6, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


_/s/_
DAVID C. LACHMAN
NISHA CHANDRAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA


JAMES S. THREATT
Deputy Federal Public Defender
Attorney for Defendant
NATALIE LE DEMOLA